Ashley Furniture Industries Inc. v. Redman, CV-09-639 (Superior Ct. Cumberland)

Before the court is a motion to dismiss the third party complaint filed by defendant Peter Redman against the Estate of Mark Redman.

The third party complaint against the Estate is combined with counterclaims against plaintiff Ashley Furniture. As against the Estate, Peter Redman has brought a claim for an accounting (Count II), a claim for breach of fiduciary duty (count III), a claim for abuse of process and malicious use of civil process (Count VI), and a claim for contribution and indemnity with respect to any sums recovered by Ashley Furniture against Peter Redman (Count X). As against both Ashley Furniture and the Estate, Peter Redman has asserted claims of breach of contract (count IV),[1] misrepresentation (Count V), tortuous interference with contract (count VII), negligent infliction of emotional distress (count "IIX"), and intentional infliction of emotional distress (count IX).

The basis of the Estate's motion is that under 18-A M.R.S. §§ 3-801(a) and 3-803(a) all claims against an estate that are not timely filed in the Probate Court are "forever barred." The Estate contends that Peter Redman gave timely notice in Probate Court as to only one claim – his claim of contribution and indemnity for any amounts owed to Ashley Furniture – and further contends that even the contribution and indemnity claim can only be litigated in Probate Court.

The ordinary legal standard in considering a motion to dismiss is that the material allegations of the complaint must be taken as admitted. The complaint must be read in the light most favorable to the plaintiff to determine if it sets forth elements of a cause of action or alleges facts that would entitle plaintiff to relief pursuant to some legal theory. A claim shall only be dismissed when it appears beyond doubt that a plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim. In re Wage Payment Litigation, 2000 ME 162 ¶ 3, 759 A.2d 217, 220.

However, the court may look beyond the pleadings in certain limited circumstances. Moody v. State Liquor & Lottery Commission, 2004 ME 20 ¶¶ 9-11, 843 A.2d 43, 47-48. "Official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint may be properly considered on a motion to dismiss without converting the motion to one for a summary judgment when the authenticity of such documents is not challenged." Id., 2004 ME 20 ¶ 11, 843 A.2d at 48.

In this case the Estate is relying on official public documents whose authenticity has not been challenged. Although Peter Redman complains with some force that the Estate has been overly inclusive in appending pleadings from other pending cases, the court only needs to rely on a limited number of Probate Court documents in order to resolve the pending motion.

Exhibits 3A and 3B to the Estate's motion establish that a Petition for Formal Probate and Appointment of Personal Representative was filed with the Kennebec

---

[1] Although the counterclaim and third party complaint designates the breach of contract claim as "Count VI," this is obviously a typographical error.

County Probate Court on September 8, 2006. That petition set the date of Mark Redman's death as July 24, 2006. Exhibit 3D establishes that on October 27, 2006 notice by publication was given to all potential creditors that Karen Redman had been appointed as the personal representative of the Estate and that any claim against the Estate had to be presented within four months or be forever barred. Exhibit 3F establishes that a claim against the Estate was submitted by Peter Redman on January 5, 2007. That claim was limited to any amounts which Peter Redman might owe to Ashley Furniture under a Trademark Usage Agreement and Personal Guaranty. . Id. ("This claim is contingent, and will only accrue, and its amount will only be fixed, upon a demand from Ashley Homestores, LTD pursuant to the Personal Guaranty"). The Probate Court docket sheet (Exhibit 3A) establishes that this was the only claim filed by Peter Redman within the four-month period that began on October 27, 2006 or within the nine-month period that began on the date of Mark Redman's death.

The Probate Code unequivocally provides that all claims against a decedent's estate which arose before the death of the decedent, "whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort, or other legal basis" are barred if not presented within four months of the date of the published notice or within nine months of the date of death, whichever is shorter. 18-A M.R.S. § 3-803(a). See id. § 3-801(a). Accordingly the only claim that is not time barred against the Estate is Peter Redman's claim for contribution or indemnity (Count X). Counts II-IX of the third party complaint shall therefore be dismissed as against the Estate.[2]

The Estate argues that Count X should also be dismissed because it contends that under 18-A M.R.S. § 3-105 the Probate Court has exclusive jurisdiction to determine how decedent's estates "are to be administered, expended, or distributed." However, that same statutory section provides that the Probate Court has concurrent jurisdiction of any action "to which an estate, through a personal representative, may be a party." Moreover, on the present state of the record, it appears that Peter Redman's claim in the Probate Court for contribution as to any amounts owed to Ashley Furniture was partially allowed by the Personal Representative and may result in further proceedings in the Probate Court once the amount of that claim is known. See Exhibit 3F to Estate's motion. Whether that claim should proceed in Probate Court or in this court depends in part on the status of the Probate Court proceedings and also the status of related litigation that is apparently pending in Kennebec Superior Court, CV-08-378. Subject to further information with respect to those cases, the court will deny the Estate's motion to dismiss as to Count X.[3]

The entry shall be:

The motion to dismiss by third party defendant Estate of Mark Redman is granted in part. As against the Estate, all of the claims asserted in the Counterclaim and Third Party Complaint are dismissed with the exception of Count X (Contribution and

---

[2] Peter Redman argues that most or all of the allegations asserted in counts II through IX can also be raised as issues under Count X. The court does not have to reach that issue at this time.

[3] Once the court has further information as to the status of the probate proceeding and Kennebec docket CV-08-378, the court may give further consideration to the Estate's jurisdictional arguments with respect to Count X.

2

Indemnity). With respect to count X, the Estate's motion is denied at this time. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 21, 2010

Thomas D. Warren
Justice, Superior Court

ASHLEY FURNITURE INDUSTRIES INC - PLAINTIFF

Attorney for: ASHLEY FURNITURE INDUSTRIES INC
MICHAEL K MARTIN  - RETAINED 12/02/2009
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555

Attorney for: ASHLEY FURNITURE INDUSTRIES INC
BRADFORD A PATTERSHALL  - RETAINED 12/02/2009
PETRUCCELLI, MARTIN & HADDOW, LLP
50 MONUMENT SQUARE
PO BOX 17555
PORTLAND ME 04112-8555


VS
PETER REDMAN  - DEFENDANT
440 CLINTON AVENUE
WINSLOW ME 04901
Attorney for: PETER REDMAN
JOHN S CAMPBELL  - RETAINED 01/26/2010
CAMPBELL & ASSOCIATES
75 MARKET STREET
PO BOX 369
PORTLAND ME 04112-0369

NORTHERN MATTRESS CO. - DEFENDANT
MARK A REDMAN, ESTATE OF  - THIRD PARTY DEFENDANT

Attorney for: MARK A REDMAN, ESTATE OF
TERESA M CLOUTIER  - RETAINED 04/26/2010
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112 5215

Attorney for: MARK A REDMAN, ESTATE OF
JOHN S CAMPBELL  - RETAINED 01/26/2010
CAMPBELL & ASSOCIATES
75 MARKET STREET
PO BOX 369
PORTLAND ME 04112-0369

KAREN A REDMAN  - PERSONAL REPRESENTATIVE

Attorney for: KAREN A REDMAN
TERESA M CLOUTIER  - RETAINED 04/26/2010
LAMBERT COFFIN RUDMAN HOCHMAN
477 CONGRESS STREET 14TH FLOOR
PO BOX 15215
PORTLAND ME 04112-5215

Attorney for: KAREN A REDMAN
JOHN S CAMPBELL  - RETAINED 01/26/2010

SUPERIOR COURT
CUMBERLAND, ss.
Docket No  PORSC-CV-2009-00639

**DOCKET RECORD**